**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------
In re

       Calpine Corporation, et al.,

                    Debtors.

Chapter 11

Case No. 05-60200 (BRL)
Jointly Administered

-----------------------------------------------------------
Rosetta Resources Operating LP
Calpine Corporation, et al.,
                    Plaintiffs,

     v.

Pogo Producing Company,
                  Defendant.
-----------------------------------------------------------

Adv. Pro. No. 06-1757 (BRL)

## MEMORANDUM DECISION AND ORDER DENYING DEFENDANT POGO PRODUCTION COMPANY'S MOTION TO DISMISS AND REQUEST FOR ABSTENTION

The defendant, Pogo Production Company ("Pogo"), seeks the entry of an order dismissing the Complaints filed by Rosetta Resources Operating and Calpine Corporation ("Calpine" or the "Debtor") pursuant to FED. R. BANKR. P. 7007 and 7012, and in the alternative, requests that the Court abstain in the Adversary Proceeding.

In support of the motion to dismiss, Pogo contends that the Adversary Proceeding does not fall within the "related to" jurisdiction of the Court under 28 U.S.C. § 1334(b) and that there is no "conceivable effect" on the Calpine estate. Pogo asserts that even if "related to" jurisdiction is found by the Court, the facts of this case as plead by the Plaintiff do not justify the relief sought by the Plaintiff, and that the adversary proceeding must be dismissed.

1

**BACKGROUND**

On August 20, 2004, Calpine and Calpine Natural Gas LP ("Calpine NG") (collectively "Seller") entered into a purchase and sale agreement (the "Pogo PSA") with Pogo ("Buyer"). Pursuant to the Pogo PSA, Seller conveyed to Pogo certain oil and gas properties located in San Juan County, New Mexico for which Pogo paid Seller approximately $83 million. The Pogo PSA provided a mechanism for addressing defects in title including a resolution of any disputes under the agreement by binding arbitration. Pogo provided notice to Seller by the required date, claiming a defect in title to the conveyed properties.

By agreement dated July 5, 2005 (the "Rosetta PSA"), Calpine entered into a series of transactions whereby it conveyed its remaining oil and gas properties to entities formed by, or sold to, Rosetta Resources, Inc., an entity formed by the officers of Calpine Corporation who had managed its oil and gas operations. The Rosetta PSA provided for the indemnification of the Rosetta Resources, Inc. and its subsidiaries by Calpine for certain liabilities or potential liabilities, including asserted claim of Pogo for the title indemnity payment. As a result of the Rosetta sale, Calpine NG was sold to Rosetta Resources, Inc. and became Rosetta Resources Operating LP ("Rosetta"). Rosetta is not a bankrupt entity, but filed the Adversary Proceeding in the Debtors' cases.

In the period following the delivery of notice of the Buyer's disputes, the parties engaged in negotiations, and agreed to submit the matter to mediation in December 2005.

Mediation efforts were abandoned prior to Calpine commencing its Chapter 11 case. In April 2006, Pogo commenced arbitration proceedings against Rosetta as provided under the Pogo PSA, seeking a title indemnity payment (exclusive of accruing interest, arbitration costs and attorney's fees) of $2,284,546.00. Pogo also filed a proof of claim against the Debtors for the title indemnity payment in the amount of $2,448,371.32, including interest accrued.

Rosetta filed a series of claims against Calpine and a number of Calpine-related debtors in the amount of $27,878,175.36, including an unliquidated claim for indemnity under the Rosetta PSA for Pogo's title indemnity claim. Rosetta stated, on the record at the hearing held December 20, 2006, that they hold up to $80 million owed to Calpine, against which they intend to assert setoff rights to any amounts Calpine owes to Rosetta.

**MOTION TO DISMISS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure, (the "Rules"), applicable to this proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), enables a defendant to move to dismiss a complaint on the ground that it fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6); FED. R. BANKR. P. 7012(b). "In reviewing a motion to dismiss, a court merely assesses the legal feasibility of the complaint, and does not weigh the evidence that may be offered at trial." *In re Churchill Mortg. Inv. Corp.*, 256 B.R. 664 (Bankr. S.D.N.Y. 2000). A motion to dismiss must be denied unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief."

3

*Conley v. Gibson*, 355 U.S. 41, 57 (1957). All well-pled factual allegations must be read by the court as true and construed in a light most favorable to the plaintiff. *Id*.

The Complaints filed by Rosetta and Calpine seek an order declaring that the automatic stay extends to the arbitration pursuant to Sections 362(a)(1), 362(a)(3) and 105 of the Bankruptcy Code. Both the Debtors and Rosetta contend that if Rosetta is found liable in the arbitration, the Debtors must indemnify Rosetta for any judgment amount. According to the Complaints filed, if Rosetta is found liable in the arbitration, they will in turn, assert setoff rights against Debtors using the $80 million they are currently holding, essentially resulting in an allowed secured claim against the Debtors. On the other hand, Pogo filed a proof of claim against the Debtors, which, if Pogo liquidated its claim against the Debtor, would likely be classified as an unsecured claim.

Debtors and Rosetta also point out that any adjudication of Rosetta's liability under the Pogo PSA may effectively be an adjudication of issues regarding the Debtors' liability without giving Calpine an opportunity to adequately defend itself. This Court has previously examined in these cases whether the automatic stay should be extended to a third party pursuant to section 105. In *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corporation Inc.*, the District Court affirmed this Court's order extending the automatic stay because if the litigation involving third parties were to continue, the Debtor, regardless of not being named as an actual party, would be prudent to devote resources to assisting in the defense because of "potential impact upon a claim or suit against the debtor." *Hawaii Structural Ironworkers Pension Trust Fund v.*

4

*Calpine Corporation Inc.* (S.D.N.Y. December 20, 2006). Likewise, these Debtors would likely be required to, and it would be sensible to devote resources to following the arbitration.

Pogo fails to establish that the Debtors can prove no set of facts in support of their claim that the Debtors estates may be harmed by the continuation of the Adversary Proceeding. Therefore, Pogo's motion to dismiss is denied.

**ABSTENTION**

The Defendants contend that this Court should refrain from exercising jurisdiction over the Adversary Proceeding. Section 1334(c)(1) provides,

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

11 U.S.C. § 1334(c)(1).

In determining whether to exercise permissive abstention under section 1334(c), courts have considered one or more (not necessarily all) of twelve factors: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted

5

"core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties. *In re Cody, Inc.,* 281 B.R. 182, 190-91 (S.D.N.Y. 2002); *In re Balco Equities Ltd., Inc.*, 323 B.R. 85, *92 -93 (Bkrtcy. S.D.N.Y. 2005).

The United State Supreme Court has found that permissive abstention is most appropriate when a case is dominated by state law issues or raises unsettled issues of state law. *See Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 483 (1940). However, abstention is appropriate only in certain narrowly-tailored, exceptional circumstances. *Colorado River Water Conservation v. U.S.,* 424 U.S. 800, 817-818 (1976). Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. *Id. See also In re Joint Eastern and Southern District Asbestos Litigation*, 78 F.3d 764, 775 (2d Cir.1996) ("Abstention is an extraordinary and narrow exception to a federal court's duty to exercise its jurisdiction."). The Supreme Court has noted that the general principle of abstention is to avoid duplicative litigation. *Id.* at 817-18. Suits are duplicative of each other "if the parties, issues and relief do not differ between the two actions." *I.A. Durbin, Inc v. Jefferson Nat'l Bank,* 793 F.2d 1541 (11th Cir. 1986).

Duplicative litigation is not an issue in the instant case because the causes of action in the Complaints and in the arbitration are separate and distinct, with different relief requested

6

in each. The issues in the arbitration relate to the initial dispute between the parties, while the Complaints filed relate to whether or not the automatic stay should apply to the arbitration. This Court is not being asked in this Adversary Proceeding to decide the issues of the arbitration. Additionally, as noted above, both Pogo and Rosetta filed proofs of claim in these cases against the Debtors relating to the same claims at issue in the arbitration. Accordingly, they both submitted to the jurisdiction of this Court and the Debtors' liability can be determined by this Court. As Debtors noted, the efficient administration of the estate may be negatively impacted if the Debtors' liability for prepetition indemnity obligations is adjudicated by a tribunal other than this Court with the possibility of having a substantial Pogo unsecured claim morph into a secured Rosetta one.

CONCLUSION

Pogo has not established that the Complaints filed by Rosetta and the Intervening Complaint filed by the Debtors, with all well-plead facts taken as true, are sufficient to withstand the motion to dismiss. Additionally, the Court declines to abstain from these proceedings, which may have an effect on the property of the estates.

The motion for dismissal or abstention is denied. IT IS SO ORDERED.

Dated:  January 3, 2007                         /s/ Hon. Burton R. Lifland
        New York, New York                      United States Bankruptcy Judge